**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

Docket Number(s): 24-3115 _____          _____ Caption [use short title]

Motion for: Stay Pending Appeal

_____

_____

Set forth below precise, complete statement of relief sought:

Appellant moves for a stay pending appeal ▮

▮▮▮

# Levinson v. Citibank N.A.

_____

_____

MOVING PARTY: KFH Malaysia          OPPOSING PARTY: Christine Levinson

☐ Plaintiff          ☐ Defendant

☑ Appellant/Petitioner          ☐ Appellee/Respondent

MOVING ATTORNEY: Charlotte H. Taylor          OPPOSING ATTORNEY: Daniel W. Levy

[name of attorney, with firm, address, phone number and e-mail]

Jones Day          McKool Smith P.C.

51 Louisiana Avenue, N.W.          1301 Avenue of the Americas Ste. 32nd Floor

Washington, D.C. 20001          New York, N.Y. 10019

Court- Judge/ Agency appealed from: United States District Court, Southern District of New York, Hon. Loretta A. Preska

Please check appropriate boxes:                    FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
                                                   INJUCTIONS PENDING APPEAL:

Has movant notified opposing counsel (required by Local Rule 27.1):   Has this request for relief been made below?  ☑ Yes  ☐ No
☑ Yes  ☐ No (explain): _____                        Has this relief been previously sought in this court?  ☐ Yes  ☑ No
_____                                               Requested return date and explanation of emergency: _____

Opposing counsel's position on motion:                                _____
☐ Unopposed  ☑ Opposed  ☐ Don't Know                                 _____
Does opposing counsel intend to file a response:                      _____
☑ Yes  ☐ No  ☐ Don't Know                                            _____

Is oral argument on motion requested?  ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes  ☑ No  If yes, enter date: _____

Signature of Moving Attorney:

/s/ Charlotte H. Taylor          Date: 1/22/2025          Service by: ☐ CM/ECF  ☑ Other [Attach proof of service]

# SEALED
# 24-3115

## United States Court of Appeals
## for the Second Circuit

CHRISTINE LEVINSON, ET AL.,

*Plaintiffs-Appellee,*

– v. –

CITIBANK, N.A.,

*Defendant-Appellee,*

– v. –

KUWAIT FINANCE HOUSE (MALAYSIA) BERHAD,

*Defendant-Intervenor-Appellant.*

On Appeal from the United States District Court for the
Southern District of New York
Case No. 21-cv-04795-LAP

## KUWAIT FINANCE HOUSE (MALAYSIA) BERHAD'S MOTION FOR STAY PENDING APPEAL

Eric L. Lewis
LEWIS BAACH KAUFMANN
MIDDLEMISS
1050 K Street N.W.
Suite 400
Washington, DC 20001
(202) 833-8900

January 22, 2025

Steven T. Cottreau
Charlotte H. Taylor
Ariel N. Volpe
JONES DAY
51 Louisiana Ave, N.W.
Washington, D.C. 20001
(202) 879-3939

*Additional Counsel Listed on
Inside Cover*

John Moscow
Solomon Shinerock
LEWIS BAACH KAUFMANN
MIDDLEMISS
10 Grand Central
155 East 44th Street
25th Floor
New York, NY 10017
(212) 826-7001

Fahad A. Habib
JONES DAY
555 California Street,
26th Floor
San Francisco, CA 94104-1500
(415) 626-3939

*Counsel for Kuwait Finance House (Malaysia) Berhad*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendant-Appellant Kuwait Finance House (Malaysia) Berhad ("KFH Malaysia") hereby certifies that KFH Malaysia is wholly owned by Kuwait Finance House K.S.C., a publicly held company.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ............................................. i

INTRODUCTION .............................................................. 1

STATEMENT OF THE CASE ............................................... 6

I.     PRELIMINARY PROCEEDINGS AND FIRST APPEAL ............... 6

II.    ██████████████████████████████████████ ........................................ 8

III.   ██████████████████████████ ......................................... 10

JURISDICTION ........................................................ 12

ARGUMENT ........................................................... 12

I.     KFH MALAYSIA IS LIKELY TO SUCCEED ON THE MERITS. ........................................... 13

    A.  ████████████████████████████ .................. 15

    B.  ████████████████████ ............................. 15

    C.  ███████████████████████████ .................. 16

    D.  ████████████████████████████ ............... 18

    E.  █████████████████████████ ..................... 20

    F.  ███████████████████████████ ................. 20

II.    KFH MALAYSIA WILL SUFFER IRREPARABLE HARM ABSENT A STAY. ................................. 22

    A.  ████████████████████████████ ............... 22

    B.  ██████████████████████ ......................... 24

III.   A STAY WILL NOT HARM PLAINTIFFS. ....................... 26

## TABLE OF CONTENTS
(continued)

Page

IV.    THE PUBLIC INTEREST FAVORS A STAY ................................ 26

CONCLUSION ............................................................................. 26

# TABLE OF AUTHORITIES

**Page(s)**

CASES

██████████████████████████████████

*Bank Markazi v. Peterson,*
    578 U.S. 212 (2016) ............................................................... 26

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

████████████████████ █████████████
████████████████████████████████████████

████████████████████ ██████████████
██████████ █ ████████████████
████████ █████████████████████████████

*Koehler v. Bank of Bermuda Ltd.,*
    544 F.3d 78 (2d Cir. 2008) ....................................... 12

████████████████ ██████████
██████████████████████████████████████████

*Levinson v. Kuwait Fin. House (Malaysia) Berhad,*
    44 F.4th 91 (2d Cir. 2022)..................................................2,█

████████ ████████
████████████████████████████████████████

████████ ███
████████████████████████████████████████

████████████ ██████████
████████████████████████████████████████

████████████████ ████████
████████████████████████████████████████

████████████ ████████████
████████████████████████████████████████

████████████ ████████
████████████████████████████████████████

# TABLE OF AUTHORITIES
(continued)

Page(s)

*SEC v. Daspin,*
    557 F. App'x 46 (2d Cir. 2014) ............................................ 12, 13

**STATUTES**

TRIA § 201 ............................................................ 1█

# TABLE OF AUTHORITIES
(continued)

Page(s)

**RULES**

**REGULATIONS**

Kuwait Finance House (Malaysia) Berhad ("KFH Malaysia") respectfully moves this Court for a stay pending appeal ████████

██████████████████████████████████████████

████████████████████████ [1]

## **INTRODUCTION**

This case arises under the Terrorism Risk Insurance Act ("TRIA"), which allows plaintiffs holding judgments against terrorist parties to attach and execute on "blocked assets" of those parties and their "agencies [and] instrumentalities." TRIA § 201(a), 28 U.S.C. § 1610 note. Plaintiffs hold a default judgment against Iran, a terrorist party. ██

███████████████ ██ ██████████████████

███████████████████████████████████████

█████████████

    ██████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[1] Pursuant to Local Rule 27.1(b), KFH Malaysia notified opposing counsel of this motion. Counsel opposes the motion and intends to file a response.

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████

It began with the district court granting an *ex parte* writ of execution—a post-judgment remedy—without first making any "findings as to whether TRIA indeed permits those assets to be seized." *Levinson v. Kuwait Fin. House (Malaysia) Berhad*, 44 F.4th 91, 97 (2d Cir. 2022). This Court reversed. *Id.* ███████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████





KFH

Malaysia has appealed and now seeks a stay pending appeal.





## STATEMENT OF THE CASE

### I.    PRELIMINARY PROCEEDINGS AND FIRST APPEAL.

Plaintiffs are family members of a victim of Iranian terrorism. Plaintiffs obtained a default judgment against Iran, including $107 million in compensatory damages. ▮▮▮▮▮

Plaintiffs filed a complaint against Citibank for turnover of assets in KFH Malaysia's bank account under TRIA and the New York Civil Practice Law and Rules ("CPLR"). ▮▮ ▮▮ KFH Malaysia has never been sanctioned, "blocked," or identified as an "agency or instrumentality" of Iran by the U.S. or any other government.

████████████████████████████████████████

████████████████████████████████████████

████████ Plaintiffs moved for an *ex parte* writ of execution against KFH Malaysia, which the district court granted. █████████

KFH Malaysia intervened and filed a motion to vacate the writ of execution. █████████████████████████████

████████████████████████████████████████

██████████████████████████  █████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████  ██

████████  ██████████████████████████████

████████████████  ██  ██████





II.





III.





## JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1292(a)(1). *See Koehler v. Bank of Bermuda Ltd.*, 544 F.3d 78, 82 (2d Cir. 2008).

## ARGUMENT

This Court should stay ███████████████████████ When assessing a stay request, courts consider: "(1) whether the movant has demonstrated a 'strong showing that he is likely to succeed on the merits'; (2) whether the movant will suffer irreparable injury absent a stay; (3) whether the non-moving party will suffer substantial injury if a stay has issued; and (4) the public interests that may be affected." *SEC v.*

*Daspin*, 557 F. App'x 46, 47–48 (2d Cir. 2014). "The degree to which a factor must be present varies with the strength of the others; more of one [factor] excuses less of the other." *Id.* at 48 (quotation marks omitted). All four factors are amply satisfied here.

## I.   KFH MALAYSIA IS LIKELY TO SUCCEED ON THE MERITS.

**A.**







**B.**



**C.** ██████████████████████████████████████



**D.** 



**E.** 

**F.**





## II. KFH MALAYSIA WILL SUFFER IRREPARABLE HARM ABSENT A STAY.





**B.**



## III.  A STAY WILL NOT HARM PLAINTIFFS.

Plaintiffs face no cognizable prejudice from a stay. ▮▮▮▮▮▮▮



## IV.  THE PUBLIC INTEREST FAVORS A STAY.



### CONCLUSION

KFH Malaysia respectfully requests that the Court stay ▮▮

▮▮▮▮▮▮▮ pending appeal.


Dated: January 22, 2025

Respectfully submitted,

Eric L. Lewis
LEWIS BAACH KAUFMANN
MIDDLEMISS
1050 K Street N.W.
Suite 400
Washington, DC 20001
(202) 833-8900

*/s/ Charlotte H. Taylor*
Steven T. Cottreau
Charlotte H. Taylor
Ariel N. Volpe
JONES DAY
51 Louisiana Ave, N.W.
Washington, D.C. 20001
(202) 879-3939

John Moscow
Solomon Shinerock
LEWIS BAACH KAUFMANN
MIDDLEMISS
10 Grand Central
155 East 44th Street
25th Floor
New York, NY 10017
(212) 826-7001

Fahad A. Habib
JONES DAY
555 California Street,
26th Floor
San Francisco, CA 94104-1500
(415) 626-3939

*Counsel for Kuwait Finance House (Malaysia) Berhad*

## CERTIFICATE OF COMPLIANCE

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook font.

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), it contains 5,189 words, as determined by the word-count function of Microsoft Word 2016.

Dated: January 22, 2025

/s/ *Charlotte H. Taylor*
Charlotte H. Taylor

-28-

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2025, I electronically filed this motion with the Court by e-mailing a PDF to the Court's civil cases e-mail address, and I served a copy of the document on all counsel of record via email.

Dated: January 22, 2025

/s/ *Charlotte H. Taylor*
Charlotte H. Taylor